03-40494-ag
Ghani v. Holder

BIA
IJ, Nelson
A070 651 195

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September, two thousand ten.

PRESENT:
> DENNIS JACOBS,
>> *Chief Judge,*
> JON O. NEWMAN,
> DENNY CHIN,
>> *Circuit Judges*.

_____

ATAUL GHANI,
          *Petitioner*,

          v.                              03-40494-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[*]
          *Respondent*.

_____

FOR PETITIONER:         Salim Sheikh, New York, New York.

_____

[*]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

**FOR RESPONDENT:** Preet Bharara, United States Attorney for the Southern District of New York; Sue Chen, Special Assistant United States Attorney; Ross E. Morrison, Assistant United States Attorney, Of Counsel, New York, New York.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ataul Ghani, a native and citizen of Bangladesh, seeks review of an August 26, 2003, order of the BIA, affirming the June 24, 2002, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his motion to reopen. *In re Ataul Ghani*, No. A070 651 195 (B.I.A. Aug. 26, 2003), *aff'g* No. A070 651 195 (Immig. Ct. N.Y. City June 24, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When a movant is ordered deported *in absentia,* a motion to reopen is governed by different rules depending on whether the movant seeks to rescind the order or present new evidence. *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir. 2006); *see also In re M-S-*, 22 I. & N. Dec. 349, 353-55 (B.I.A. 1998) (en banc). Ghani has filed a single motion

that seeks both rescission of an *in absentia* deportation order and reopening of deportation proceedings based on new evidence. We treat such a motion as comprising distinct motions to rescind and to reopen. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales*, 462 F.3d 150, 152 n.1 (2d Cir. 2006). Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the agency's denial of a motion to rescind an *in absentia* deportation order under the same abuse of discretion standard applicable to motions to reopen. *See Alrefae*, 471 F.3d at 357; *see also Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). However, when the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

**I.   Motion to Rescind**

The agency did not abuse its discretion in denying as untimely Ghani's motion to rescind the IJ's *in absentia* order. When a movant asserts that failure to appear at the

3

deportation hearing was caused by exceptional circumstances, as Ghani did in his motion, the motion seeking rescission must be filed within 180 days of that order. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(*1*). Ghani filed his motion to rescind over four years after the IJ entered an *in absentia* deportation order. The agency did not abuse its discretion in denying his motion to rescind as untimely. *See id.*

**II. Motion to Reopen**

The agency denied Ghani's motion to reopen as untimely and number-barred. An alien is limited to a single motion to reopen filed no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1). There is no time or numerical limit for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii) Ghani's motion to reopen alleges a fear of persecution very similar to that made in his original asylum application. Although the political leaders in Bangladesh had recently changed

4

from the Awami League to the Bangladesh Nationalist Party, Ghani claimed a continued fear of both parties. Thus, substantial evidence supports the agency's finding that Ghani failed to establish material changed country conditions in Bangladesh excusing the untimely and number-barred filing of his motion to reopen. *See Jian Hui Shao*, 546 F.3d at 169.

Ghani also argues that the agency erred by declining to reopen his case to allow him to apply for adjustment of status pursuant to his wife's labor certification. However, eligibility to adjust status is not an exception to the time and numerical limitations for filing a motion to reopen. The BIA therefore did not abuse its discretion in denying Ghani's motion to reopen to apply for adjustment of status as untimely. *See* 8 C.F.R. § 1003.23(b)(1), (4). Furthermore, to the extent Ghani challenges the BIA's refusal to reopen his case *sua sponte,* we lack jurisdiction to review a decision of the BIA not to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a), because such a decision is "entirely discretionary." *Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

5

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk